United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 12-16727-mdc
Cecelia Boyah-Tolbert                                                   Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin              Page 1 of 2              Date Rcvd: Feb 23, 2018
                            Form ID: 3180W           Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 25, 2018.
db           +Cecelia Boyah-Tolbert,    1123 Kenwood Road,    Darby, PA 19023-1417
12891133      BANK OF AMERICA, N.A., et al,    P.O. Box 660933,    Dallas, TX 75266-0933
12824464     +Michael Schwartz, Esquire,    707 Lakeside Office Park,    Southampton, PA 18966-4020
13027271    +++eCAST Settlement Corporation,    PO Box 28136,    New York, NY 10087-8136

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: bankruptcy@phila.gov Feb 24 2018 01:48:16      City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 24 2018 01:47:17
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 24 2018 01:47:40      U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
12829071     +EDI: TSYS2.COM Feb 24 2018 01:33:00      Department Stores National Bank/Macys,
               Bankruptcy Processing,    Po Box 8053,   Mason, OH 45040-8053
12912049      E-mail/Text: bknotice@crgofusa.com Feb 24 2018 01:47:41
               InSolve Recovery, LLC, c/o Capital Recovery Group,,    Dept 3203,    PO BOX 123203,
               DALLAS, TX 75312-3203
12808118      EDI: IRS.COM Feb 24 2018 01:33:00      Internal Revenue Service,
               Centralized Insolvency Operation,    PO Box 7346,   Philadelphia, PA 19101-7346
12917463      EDI: RESURGENT.COM Feb 24 2018 01:33:00      LVNV Funding, LLC its successors and assigns as,
               assignee of FNBM LLC,    Resurgent Capital Services,    PO Box 10587,
               Greenville, SC 29603-0587
12940436      EDI: PRA.COM Feb 24 2018 01:33:00      Portfolio Recovery Associates, LLC,    POB 41067,
               Norfolk VA 23541
13024615     +EDI: PRA.COM Feb 24 2018 01:33:00      PRA Receivables Management, LLC,    POB 41067,
               Norfolk, VA 23541-1067
12861220      E-mail/Text: ebn@vativrecovery.com Feb 24 2018 01:46:35      Palisades Acquisition XVI LLC,
               Vativ Recovery Solutions LLC, dba SMC,    As Agent For Palisades Acquisition XVI L,
               PO Box 40728,   Houston, TX  77240-0728
12854924     +E-mail/Text: bncmail@w-legal.com Feb 24 2018 01:47:28      TARGET NATIONAL BANK,
               C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12814979      EDI: WFFC.COM Feb 24 2018 01:33:00      Wells Fargo Bank NA,    PO Box 10438,
               Des Moines IA    50306-0438
12976678      EDI: ECAST.COM Feb 24 2018 01:33:00      eCAST Settlement Corporation,    POB 29262,
               New York, NY 10087-9262
                                                                                              TOTAL: 13

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 22, 2018 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME
               LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com

```
District/off: 0313-2          User: admin              Page 2 of 2                  Date Rcvd: Feb 23, 2018
                              Form ID: 3180W           Total Noticed: 17
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
          MATTEO SAMUEL WEINER    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
          MICHAEL SETH SCHWARTZ   on behalf of Debtor Cecelia  Boyah-Tolbert msbankruptcy@verizon.net
          NICHLAS P. SPALLAS    on behalf of Creditor    InSolve Recovery, LLC, c/o Capital Recovery Group,
           LLC bknotices@crgofusa.com
          THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                              TOTAL: 9
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Cecelia Boyah−Tolbert** | Social Security number or ITIN **xxx−xx−5230** |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12−16727−mdc** | |

# Order of Discharge  12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Cecelia Boyah−Tolbert

<u>2/22/18</u>     **By the court:**     <u>Magdeline D. Coleman</u>
                                        United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**